UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Matthew Robert ELMORE, | Case No.: 25-cv-3344-AGS-DEB |
|---|---|
| Plaintiff, vs. APPLE, Defendant. | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Matthew Elmore, proceeding without an attorney, seeks to waive the filing fee for his lawsuit against Apple. But he has not justified waiving that fee, and his complaint doesn't pass mandatory screening.

## MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a federal district court must typically pay filing fees of $405. 28 U.S.C. § 1914(a) ($350 filing fee); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2023) ($55 administrative fee). But if granted the right to proceed *in forma pauperis*, a plaintiff can proceed without prepaying those fees. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Elmore claims he has an average monthly income of "$0" from various public-benefit programs. (ECF 2, at 1–2.) After that, though, he left blank all the other information called for by the Court's IFP form. (*See id.* at 2–5.) This includes any information on assets, cash on hand, or monthly liabilities. (*Id.*) Even though plaintiff "need not be completely destitute to proceed IFP," *see Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021), a court may deny IFP when an applicant is "unable, or unwilling, to verify their poverty," *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). The motion to proceed *in forma pauperis* is denied.

# SCREENING

In addition, when reviewing an IFP motion, the court must screen the complaint and dismiss it if it—among other things—"fails to state a claim." 28 U.S.C. § 1915(e)(2)(B). Although the requirement is not onerous, Elmore's complaint does not come close to stating a claim. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that Rule 8's purpose is to "give the defendant fair notice of what the claim is and the grounds upon which it rest" (cleaned up)). The complaint does not set out a legal basis for his claim against Apple, nor any facts to support it. In fact, it is almost completely devoid of content. (*See generally* ECF 1.) Elmore's complaint merely states that he is "requesting [a] free government" iPhone "19," as well as a "case," an Apple "watch," and a GPS "necklace," allegedly because he is "under protection from the government." (ECF 1, at 1.) The remainder of the complaint is an 11-page, pre-printed form that has been largely left blank, except for Elmore's name, signature, and contact information; the defendant's identity ("Apple") and address; a restatement of his sought relief (including a "free [i]Phone," "watch," "necklace," and "tablet"); and an "X" in the box for "Federal Question," in response to the question, "What is the basis for federal court jurisdiction? *(check all that apply)*." (ECF 1, at 1–3, 8.)

Because this (mostly) blank form contains very few facts about Elmore's claim, let alone enough facts to "state a claim to relief that is plausible on its face," the complaint must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Given Elmore's unrepresented status, the Court grants him leave to file an updated IFP petition and amend his complaint. After all, a "district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (cleaned up).

## CONCLUSION

Thus, the Court orders as follows:

1. Plaintiff's motion to proceed *in forma pauperis* is **DENIED**.

2. Plaintiff's complaint is **DISMISSED** with leave to amend.

3. By **January 16, 2026**, plaintiff must pay the full filing fee or file any updated IFP petition. Failure to do so will result in a final dismissal. By that same date, plaintiff must also file any amended complaint. The amended complaint must be complete by itself without reference to any previous version of his pleading; defendants not named and any claims not re-alleged in the amended complaint will be considered waived. If Elmore fails to timely amend, the Court will enter a final Order dismissing this case.

Dated: December 10, 2025

_____
Hon. Andrew G. Schopler
United States District Judge